FILED
01 DEC 28 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 28 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MCWANE CAST IRON PIPE }
COMPANY., a division of }
McWane, Inc., }
}         CIVIL ACTION NO.
    Plaintiff, }
}         01-AR-2406-S
v. }
}
OVERSTREET PAVING COMPANY., }
}
    Defendant. }

## MEMORANDUM OPINION

The court has before it the motion filed on November 19, 2001, by defendant, Overstreet Paving Company ("Overstreet"), to transfer the above-entitled case to the United States District Court for the Middle District of Florida, Tampa Division, where Overstreet is located. Plaintiff, McWane Cast Iron Pipe Company ("McWane"), sues to collect for cast iron pipe it sold and shipped to Overstreet in Tampa, Florida. Overstreet's only possibly relevant contact with the State of Alabama was the sending of its purchase order to McWane, which has its home office and manufacturing plant in Alabama. Overstreet bought the pipe in order to fulfill a construction contract it had undertaken in Florida. Insofar as the record reflects, no representative of Overstreet has ever been physically present in Alabama. In fact, the pertinent sales order bears the heading "McWane Cast Iron Pipe Co., P.O. Box 2010, Silver Springs, FL 34489", meaning that for aught appearing Overstreet was unaware when it bought the pipe that the pipe might be coming from



Alabama.  Apparently, once the forum is determined, Overstreet will defend by asserting that the pipe did not meet its standards, but there is nothing in the record to suggest that Overstreet has ever instituted suit against McWane.

Although McWane maintains, as a secondary position, that under the doctrine of *forum non conveniens* the forum it has chosen is more convenient than the Florida forum Overstreet suggests, McWane's primary argument in defense of Overstreet's present motion is that this court was designated by the parties themselves as the only proper forum.  McWane points to what it hopefully describes as a "forum selection clause" in the purchase agreement.  That provision reads as follows:

> 11. <u>CONTROLLING LAW</u>.  This Agreement and all rights and obligations hereunder shall be governed by the laws of the State of Alabama.  Any claim by Buyer arising hereunder shall be tried in the courts of Alabama to which jurisdiction Buyer hereby submits.

There are problems with McWane's proposed interpretation of this strange provision, which, of course, is to be construed against McWane because it was the drafting party.

Nowhere do the words "exclusive forum", or words of similar import, appear.  Overstreet, which is clearly the "Buyer", purports to submit its claim to an Alabama forum **only if it sues McWane**.  The complaint in this court is by the **Seller** and not by the **Buyer**.  There is absolutely no language in the contract by which Overstreet purports to agree to the exclusive jurisdiction of a particular

2

court over all controversies between the parties, thus exposing Overstreet to suit by McWane on McWane's chosen ground. Overstreet only relinquished **its right to sue McWane** except on McWane's home ground.

Equally important, if the contractual provision upon which McWane relies is stretched beyond its grammatical limits so as to bind the parties to a particular forum for all of their disputes, that forum is an **Alabama state court**, and not a federal court located in Alabama. This court lacks the power to transfer the case to an Alabama court even if it wanted to.

Overstreet has not challenged this court's long-arm jurisdiction, unless obliquely, although it could have made a credible argument that the minimum contacts with Alabama necessary to overcome this court's "due process" concerns are lacking. The argument by Overstreet centers on venue and not on any shortcoming in this court's *in personam* jurisdiction. Venue, however, can have a jurisdictional component. The venue statute is 28 U.S.C. §1391(a), which reads as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The jurisdiction of any federal court over McWane's complaint depends upon the admitted diversity of the citizenships of plaintiff and defendant and the existence of the requisite amount in controversy. This court harbors considerable doubt about its *in personam* jurisdiction over a defendant which, with good reason, asserts in its motion to transfer: "No discernable nexus exists between this litigation and this judicial district". Overstreet's mainly conclusory allegations that its important material witnesses and relevant documents and evidence are located in Florida are logically supported by facts implicit in the suit papers themselves and in McWane's response to Overstreet's motion.

After weighing the relative fairness of the competing forums, after considering Overstreet's tenuous connection with Alabama, and because of the irrelevance of the so-called "forum selection clause", this court decides that even if Overstreet can be reached by this court's long-arm, the better forum for McWane's collection suit against Overstreet is the Middle District of Florida. Overstreet's motion to transfer will therefore be granted by separate order.

DONE this 28th day of December, 2001.

/s/ William Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE